UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CONTRERAS VASQUEZ<br><br>        Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Civil Case No. 08cv1299 JAH<br>Criminal Case No. 07cr1488 JAH<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[28 U.S.C. § 2255] |

## INTRODUCTION

Petitioner Jose Contreras Vasquez ("petitioner") has filed a motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a response to the motion. Petitioner did not file a traverse. After a thorough review of the record, the submissions of the parties along with supporting exhibits, and for the reasons set forth below, this Court hereby **DENIES** petitioner's motion.

## BACKGROUND

On July 3, 2007, petitioner plead guilty, pursuant to a plea agreement, to a one count information charging petitioner with importation of cocaine in violation of Title 21 United States Code, Sections 952 and 960 before the Honorable Louisa S. Porter, United States Magistrate Judge. Docs. # 17, 18, 19. On November 5, 2007, petitioner was sentenced to thirty (30) months imprisonment. *See* Docs. # 29, 30. Petitioner filed the instant motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255 on July 17, 2008. Doc. # 31. Respondent filed its response on August 22, 2008. Doc. # 34.

## DISCUSSION

Petitioner, by way of the instant motion, seeks a reduction in the sentence imposed. Specifically, petitioner seeks a sentence reduction based upon his status as a deportable alien. Respondent contends the instant motion should be dismissed because petitioner waived his right to appeal and to collaterally attack his conviction and sentence.

As part of his plea agreement, petitioner waived both the right to appeal and the right to collaterally attack the conviction and sentence. *See* Doc. # 20 at 10; Resp's Exh. A. A knowing and voluntary waiver of a statutory right is enforceable. United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence under Section 2255 is statutory in nature, and a defendant may therefore waive the right to file a Section 2255 petition. *See, e.g.*, United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (by entering plea agreement and waiving right to appeal sentencing issues, defendant relinquished his right to seek collateral relief from his sentence on the ground of newly discovered exculpatory evidence).

The scope of a Section 2255 waiver may be subject to potential limitations. For example, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Rule 11 of the Federal Rules of Criminal Procedure to ensure that the waiver was knowingly and voluntarily made. Navarro-Botello, 912 F.2d at 321. Such a waiver might also be ineffective where the sentence imposed is not in accordance with the negotiated agreement, or if the sentence imposed violates the law. Id.; United States v. Littlefield, 105 F.3d 527, 528 (9th Cir. 1996). In addition, a waiver may be "unenforceable" and may not "categorically foreclose" a defendant from bringing Section 2255 proceedings where a petitioner claims ineffective assistance of counsel challenging the voluntariness of the waiver. Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005); Abarca, 985 F.2d at 1014; *see also* United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1992).

This Court has conducted an independent review of the record, and finds that the plea agreement, including the waiver of the right to appeal and collateral attack, was

1  entered knowingly and voluntarily.  It is undisputed that the plea agreement contains a
2  waiver of collateral attack.  The plea agreement explicitly states:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable.

Doc. # 20 at 10.  The plea agreement also contains a provision certifying that petitioner read the agreement, discussed it with his attorney, and fully understood its meaning and effect.  Id. at 12.  Additionally, at the sentencing hearing, petitioner indicated that he waived his right to appeal or collaterally attack the conviction. *See* Doc. # 29.  This Court finds, based on a careful review of the record presented, that petitioner's guilty plea, which included a waiver of the right to collaterally attack his conviction and sentence, was entered knowingly and voluntarily.

Furthermore, the 30 month sentence imposed by the Court was in accordance with the plea agreement and does not violate the law.  The plea agreement specifically stated petitioner waived his right to appeal or collaterally attack his sentence unless the Court imposed a sentence greater than the high end of the guideline range.  Petitioner argued that the guideline range in petitioner's case should be between 30 and 37 months whereas the government sought a higher range of 41 to 51 months. *See* Doc. # 25 at 2. Although petitioner's counsel requested a downward departure to 21 months, the Court sentenced petitioner to 30 months in custody, the low end of petitioner's suggested guideline range. *See* Doc. # 29.  Thus, this Court finds that none of the recognized limitations to petitioner's waiver of the right to bring a Section 2255 motion are present in this case. Accordingly, the collateral attack waiver provision in petitioner's plea agreement will be enforced.

//
//
//

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that petitioner's motion to vacate, set aside, or correct sentence [doc. # 31] is **DENIED.**

Dated:     December 1, 2008

JOHN A. HOUSTON
United States District Judge